SCHMIDT v. STANDARD STEEL CAR CO.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

No. 186.

WORK AND LABOR (§ 28*)—RENDITION AND ACCEPTANCE OF SERVICES—SUFFICIENCY OF PROOF.

Evidence *held* not to sustain the allegation of a complaint that plaintiff procured a contract for defendant for the sale of railroad cars, to recover for which service the action was brought.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 17, 55; Dec. Dig. § 28.*]

On writ of error to review a judgment of the District Court for the Southern District of New York dismissing the complaint, with costs.

See, also, 202 Fed. 1023.

William P. Maloney, of New York City, for plaintiff in error.

Strong & Cadwalader, of New York City (Francis Sims McGrath and Henry W. Taft, both of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The complaint alleges that in July, August, and September, 1904, one Bitner, at the request of the defendant, performed services for the defendant which resulted in procuring a contract for the sale by the defendant of 1,500 railroad cars to the Interstate Refrigerator Line. These services, it is alleged, were worth $20,000, which the defendant agreed to pay to Bitner. Bitner assigned the claim to plaintiff.

The evidence, although it shows that Bitner was active in procuring certain cars to be made by the defendant, fails to show that he procured a contract for the sale of 1,500 cars to the Refrigerator Line, or that the Car Company or Pease, who had a contract with the Car Company for the delivery of the cars, employed Bitner to procure such a contract. The complaint is specific as to the terms of the contract. It states, in brief, that Bitner, at the request of the Steel Car Company, procured a contract by which the Car Company agreed to sell 1,500 cars to the Refrigerator Line. Unless the proof shows such a contract, the plaintiff cannot recover. It matters not what else it shows. The testimony falls far short of establishing such a contract. There is no doubt that the defendant desired to sell all the cars possible, and would, if Pease performed his agreement with it, carry out any agreement which he might make; but this does not establish a cause of action against the defendant. In short, the testimony does not prove the contract alleged in the complaint.

The judgment is affirmed, with costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes